Argued and submitted November 10, 1993, affirmed February 16, petition for review denied April 19, 1994 (318 Or 661)

In the Matter of the Marriage of

Patricia Margaret SALCHENBERG,
nka Patricia Margaret Checca,
*Respondent,*

*and*

Michael Dennis SALCHENBERG,
*Appellant.*

(93P-20151; CA A79727)

868 P2d 772

Joseph E. Penna argued the cause and filed the brief for appellant.

Chris L. Lillegard argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from an order denying his claim of homestead in a mobile home. We affirm.

Plaintiff has a money judgment against defendant for $15,000 arising out of the dissolution of their marriage. In 1986, defendant filed for protection under Chapter 7 of the Bankruptcy Code, claiming a $15,000 exemption in the mobile home and real property. In 1987, defendant's debts were discharged. He continued to live on the property until June, 1991. From June, 1991 until August, 1992, the mobile home was occupied by his daughter. In May, 1992, defendant remarried and began living in his wife's home in West Linn.

In November, 1992, defendant filed a claim of homestead exemption under ORS 23.164 and ORS 23.240. Plaintiff argued that defendant had abandoned the homestead when he moved from the property and into his wife's home in West Linn. Defendant argued that he is entitled to claim the homestead exemption, based on one of three theories: (1) temporary absence from the homestead with intention to reoccupy; (2) occupancy of the mobile home by his daughter during a portion of the year preceding the hearing; and (3) fixing of the homestead exemption at the time of bankruptcy, when he was living in the mobile home. The trial court denied defendant's claim, finding that the property was a second or weekend home that was not entitled to the exemption.

On appeal, the parties focus exclusively on ORS 23.240, the homestead exemption statute. However, because the residence on the property is a mobile home, the applicable exemption statute is ORS 23.164,[1] which provides:

"(1) A mobile home, and the property upon which the mobile home is situated, that is the actual abode of and occupied by the owner, or the owner's spouse, parent or child, when that mobile home is occupied as a sole residence and no other homestead exemption exists, shall be exempt from execution and from liability in any form for the debts of the owner to the value of $15,000 * * *.

"(2) The exemption provided for in subsection (1) of this section shall not be impaired by temporary removal or

---

[1] ORS 23.164 has since been amended by Oregon Laws 1993, chapter 439, section 1, to increase the exemption amount.

absence with the intention to reoccupy the mobile property as a home, nor by the sale thereof, but shall extend to the proceeds derived from such sale * * * while the proceeds are held for a period not exceeding one year and with the intention to procure another mobile or other homestead therewith.

"* * * * *

"(6) When the owner of a homestead under this section has been granted a discharge in bankruptcy * * *, the value thereof, for the purpose of determining a leviable interest in excess of the homestead exemption, shall be the value on the date of the petition in bankruptcy * * *."

■ Defendant's first theory, temporary absence with intent to reoccupy, fails. The trial court found that the property was essentially a weekend home and found not credible defendant's testimony that he intended to return to the property to live there. The trial court did not err.

■ The second theory, absence for less than one year, also fails. ORS 23.164(1) provides that a mobile home and property upon which the home is located is exempt if it is "the actual abode of and occupied by the owner, or the owner's * * * child * * *." Defendant's daughter did not live on the property at the time he claimed the exemption, and therefore he cannot claim the exemption under ORS 23.164(1). Defendant argues that, because his daughter had been absent from the property for less than a year, the exemption continued despite her absence. That argument is based on ORS 23.240(3), which provides that removal or absence from the property for less than one year does not impair the homestead exemption. As we have said, ORS 23.240 does not apply to defendant's claim of exemption; ORS 23.164 does. ORS 23.164 does not contain any provision similar to ORS 23.240(3). Therefore, defendant is not assisted by his daughter's occupancy of the mobile home.

■ Finally, defendant's argument that the exemption was established at the time of bankruptcy and cannot be lost by subsequent changes also fails. As we said in *Bourgeois v. Grenfell*, 72 Or App 415, 420, 695 P2d 974, *rev den* 299 Or 313 (1985), the statute providing for determination of the leviable interest in property as of the date of the bankruptcy petition is pertinent only if a homestead exists on the date the creditor

petitions for execution under ORS 23.445. ORS 23.164(6), which allows a determination of the leviable interest, is inapplicable if no homestead exists on the date of the petition.

Affirmed.